UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MARINA SABILLON
AS NEXT FRIEND OF
GUSTAVO ENRIQUE LOPEZ
CARDONA,

          Petitioner,

v.

UNKNOWN PARTY et al.,

          Respondents.
_____/

Case No. 2:26-cv-40

Honorable Hala Y. Jarbou

## OPINION

Marina Sabillon initiated this action on February 23, 2026, by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and complaint for emergency injunctive relief on behalf of her husband, Gustavo Enrique Lopez Cardona (Petitioner), a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Chippewa County Correctional Facility in Sault Ste. Marie, Chippewa County, Michigan. (Pet., ECF No. 1), as well as a motion to appoint next friend (ECF No. 4), an emergency motion for a temporary restraining order (ECF No. 3), and a motion to declare detention authority unlawful (ECF No. 5). For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court will also grant Petitioner's motion to appoint next friend (ECF No. 4) and motion for an extension of time to file a reply (ECF No. 10). The Court will accept Petitioner's reply (ECF No. 11) as timely filed. The Court will dismiss Petitioner's emergency motion for a temporary restraining order (ECF No. 3) and motion to declare detention authority unlawful (ECF No. 5) as moot.

## Discussion

### I.  Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.7.) With the petition, Petitioner also filed a motion to appoint next friend (ECF No. 4), an emergency motion for a temporary restraining order (ECF No. 3), and a motion to declare detention authority unlawful (ECF No. 5).

In an order entered on February 24, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 8.) Respondents filed their response on February 27, 2026, (ECF No. 9.) On March 5, 2026, Petitioner filed a motion for an extension of time to file a reply (ECF No. 10), as well as a reply (ECF No. 11).

### II.  Motion to Appoint Next Friend

Petitioner has filed a motion seeking to allow Marina Sabillon to serve as next friend of Petitioner and to authorize alternative service due to detention-based litigation barriers. (ECF No. 4.) In the motion, Ms. Sabillon explains that "Petitioner's detention imposes substantial barriers to meaningful litigation, including: delays in legal mail delivery; restricted access to counsel communication; and limited legal resources." (*Id.*, PageID.35; Sabillon Decl., ECF No. 4-1, PageID.39.) Ms. Sabillon further explains that she is Petitioner's wife and is dedicated to protecting his best interests. (ECF No. 4; PageID.36; Sabillon Decl., ECF No. 4-1, PageID.39–40.)

A petition for a writ of habeas corpus must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in his behalf," known as a "next friend." 28 U.S.C. § 2242; *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1989). "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore*, 495 U.S. at 163 (citations omitted). Next friend status, therefore, is an exception to 28 U.S.C. § 1654, which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

To act on a detainee's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate." *Whitmore*, 495 U.S. at 163–64 (citations omitted); *see West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The *Whitmore* Court noted that the next friend might demonstrate his dedication to the "best interests" of the real party in interest by showing "some significant relationship" with that party. *Whitmore*, 495 U.S. at 164. The putative next friend must clearly establish "the propriety of his [or her] status" in order to "justify the jurisdiction of the court." *Id.* (citations omitted). Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163.

"[A] next-friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)). The putative next friend "must clearly

and specifically set forth facts sufficient to satisfy the[] Art[icle] III standing requirements" because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 495 U.S. at 155–56 (citation omitted). Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514; *see Whitmore*, 495 U.S. at 163.

In this action, the Court concludes that the justice system is inaccessible to Petitioner, who is presently detained in an ICE detention facility. Moreover, based upon the filings with this Court and attached documents, Ms. Sabillon, the wife of Petitioner, has demonstrated both a significant relationship with Petitioner, and that she is truly dedicated to acting in Petitioner's best interests. Accordingly, the Court will grant Petitioner's motion (ECF No. 4) and allow Ms. Sabillon to proceed as next friend to Petitioner.

### III.    Factual Background

Petitioner is a native and citizen of Honduras. (Notice to Appear (NTA), ECF No. 9-1, PageID.91.) Petitioner entered the United States in 2020 at or near McAllen, Texas, without inspection. (Pet., ECF No. 1, PageID.6; NTA, ECF No. 9-1, PageID.91.) In 2024, Petitioner filed an application for asylum, and he was issued employment authorization in 2025. (Pet., ECF No. 1, PageID.6; I-213, ECF No. 9-2, PageID.98.)

On October 3, 2025, Petitioner was arrested by a Border Patrol Agent. (I-213, ECF No. 9-2, PageID.98.) The Department of Homeland Security (DHS) subsequently issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the

4

United States at any time or place other than as designated by the Attorney General," and "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (NTA, ECF No. 9-1, PageID.91–94.) On December 19, 2025, the Detroit Immigration Court denied Petitioner's request for a custody redetermination hearing for lack of jurisdiction. (Immigration Judge Order, ECF No. 9-4, PageID.103.)

IV.     **Habeas Corpus Legal Standard**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

V.      **Exhaustion**

Respondents argue that the Court should deny Petitioner's request for habeas corpus relief because Petitioner has not exhausted his administrative remedies. Specifically, Respondents argue that Petitioner should pursue a bond hearing and, if necessary, appeal any unfavorable decision to the Board of Immigration Appeals.

The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-

cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of Petitioner's § 2241 petition.

## VI. Merits Discussion

### A. Statutory Basis for Petitioner's Detention

Petitioner contends that Respondents have violated the INA by concluding that Petitioner is detained pursuant to the mandatory detention provisions set forth in 8 U.S.C. § 1225(b)(2). Respondents, however, contend that Petitioner meets every element for detention under § 1225(b)(2), and that the statute's structure and history support Respondents' interpretation.

The Court concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens, such as Petitioner, who have resided in the United States and were already within the United States when apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).[1]

### B. Fifth Amendment Due Process Considerations

Petitioner also argues that his detention violates the Fifth Amendment's Due Process Clause. Respondents counter Petitioner's arguments by stating that Petitioner has received notice of the charges against him, has access to counsel, may attend hearings with an immigration judge,

---

[1] The Court is aware of *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which was recently issued by the United States Court of Appeals for the Fifth Circuit. At this time, this non-binding case does not change the Court's analysis.

has the right to appeal the denial of any request for bond, and has been detained by ICE for a relatively short period of time.

The Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights for the reasons set forth in the Court's constitutional analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

### VII. Pending Motions, Other Claims, and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition and will dismiss Petitioner's emergency motion for a temporary restraining order (ECF No. 3) and motion to declare detention authority unlawful (ECF No. 5) as moot.

On March 5, 2026, Petitioner also filed a motion for an extension of time to file a reply (ECF No. 10), as well as a reply (ECF No. 11). For the reasons set forth by Petitioner, the Court will grant Petitioner's motion for an extension of time to file a reply (ECF No. 10) and will accept Petitioner's reply as timely filed.

### VIII. Proper Respondent

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of any other named Respondent. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v.*

7

*Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). Accordingly, the Court will retain the Secretary for the Department of Homeland Security as a Respondent.

## Conclusion

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.[2] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. The Court will further grant Petitioner's motion to appoint next friend (ECF No. 4) and motion for an extension of time to file a reply (ECF No. 10) and will dismiss Petitioner's emergency motion for a temporary

---

[2] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.

restraining order (ECF No. 3) and motion to declare detention authority unlawful (ECF No. 5) as moot.

Dated: March 6, 2026                                          /s/ Hala Y. Jarbou
                                                              HALA Y. JARBOU
                                                              CHIEF UNITED STATES DISTRICT JUDGE